ANDREW C. SWITLYK
Nevada Bar No. 16758
Andrew.Switlyk@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
5555 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone: 775.399.6383
Facsimile: 775.827.9256
*Attorneys for Defendants Intact Insurance Group USA LLC and Atlantic Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| MOHAMED BELKADHI,<br><br>Plaintiff<br>vs.<br><br>INTACT INSURANCE GROUP USA LLC; ATLANTIC SPECIALTY INSURANCE COMPANY; and DOES I — V and ROES VI X, inclusive;<br><br>Defendants. | Case No.2:26−cv−01547−ART−EJY<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER TO CONTINUE DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |

Pursuant to Fed. R. Civ. P. 16(b)(4), LR 26-3, and LR IA 6-1, Plaintiff Mohamed Belkadhi ("Plaintiff"), by and through his attorney of record, Jesse Sbaih & Associates, LTD, and Defendants Intact Insurance Group USA LLC and Atlantic Specialty Insurance ("Defendants"), by and through its attorneys of record, Lewis Brisbois Bisgaard & Smith, LLP, hereby file this Stipulation and Order to Continue Discovery Deadline Dates (First Request), specifically seeking to extend the discovery deadlines and dates related thereto by (60) days.

IT IS HEREBY STIPULATED AND AGREED between the parties to extend the discovery deadline of November 16, 2024; the dispositive motions deadline of December 16, 2027; and the joint pretrial order deadline of January 15, 2027, by (60) days.

/ / /

In accordance with LR 26-3, the parties state as follows:

## I. <u>DISCOVERY COMPLETED BY THE PARTIES</u>

1. The Fed. R. Civ. Proc. 26(f) conference was held on June 10, 2026;
2. Plaintiff's Initial Disclosures served pursuant to Fed. R. Civ. Proc. 26(a)(1) were served on July 28, 2026;
3. Defendants' Initial Disclosures served pursuant to Fed. R. Civ. P. 26(a)(1) were served on July 28, 2026;
4. Plaintiff's First Supplemental Disclosures served pursuant to Fed. R. Civ. P. 26(a)(1) were served on July 30, 2026.
5. Defendants' First Supplemental Disclosures served pursuant to Fed. R. Civ. P. 26(a)(1) were served on November 4, 2026;
6. Plaintiff's First Set of Interrogatories to Defendants were served on July 28, 2026;
7. Plaintiff's First Set of Requests for Admissions to Defendants were served on July 28, 2026;
8. Plaintiff's First Set of Requests for Production to Defendants were served on July 28, 2026;
9. Defendants' Responses to Plaintiff's First Set of Interrogatories were served, by agreed extension, on September 28, 2026;
10. Defendants' Responses to Plaintiff's First Set of Requests for Admissions were served, by agreed extension, on September 28, 2026;
11. Defendants' Responses to Plaintiff's First Set of Requests for Production were served, by agreed extension, on September 28, 2026;
12. Defendants' Initial Expert Witness Disclosures were served on September 17, 2026;
13. Defendants' provided the Plaintiff with medical records and billing authorizations on October 5, 2026, which were provided back to the Defendants' by the Plaintiff on October 6, 2026, and which Defendants' provided to their records vendor on October 7, 2026.
14. Defendants' First Set of Interrogatories to Plaintiff were served on October 14, 2026;
15. Defendants' First Set of Requests for Admissions to Plaintiff were served on October 14, 2026;
16. Defendants' First Set of Requests for Production to Plaintiff were served on October 14,

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

2026;

17. Plaintiff's Rebuttal Expert Witness Disclosure was served, by agreed extension, on November 2, 2026;

18. Plaintiff's First Supplemental Rebuttal Expert Witness Disclosure was served, by agreed extension, on November 3, 2026.

**II. DISCOVERY WHICH REMAINS TO BE COMPLETED**

1. Responses to Defendants' First Set of Interrogatories to Plaintiff served on October 14, 2026;
2. Responses to Defendants' First Set of Requests for Admissions to Plaintiff served on October 14, 2026;
3. Responses to Defendants' First Set of Requests for Production to Plaintiff served on October 14, 2026;
4. Deposition of the Plaintiff;
5. Potential deposition of the Plaintiff's medical expert and provider, Dr. Jaswinder Grover;
6. Receipt of outstanding medical and billing records from the Plaintiff's medical providers.

**III. REASONS WHY DISCOVERY WAS NOT SATISFIED OR COMPLETED WITHIN THE TIME LIMIT SET BY THE DISCOVERY PLAN**

The parties have worked diligently to develop their respective cases and to conduct discovery within the limits established by the Court's scheduling order. However, several circumstances, described below, have prevented the parties from completing the remaining discovery within the current discovery period.

**A. Complete Medical and Billing Records Receipt Delays**

The Plaintiff provided medical records to the Defendants through his initial and supplemental disclosures, but information necessary as to the Defendants' case was in the possession of the Plaintiff's providers. Between the end of July to the end of August, 2026, the Defendants' employees sent requests to the providers for medical records and billing records in a proper format. Responses to these requests were either not responded to or incomplete. To accelerate responses and the needed medical and billing records responses, the Defendants retained a medical records retrieval vendor. The records order was placed on October 7, 2026 as to (13)

record locations which includes (8) providers and the Nevada Medicaid Central Office and State of Nevada Worker's Compensation Division. To date, Defendants have received records from (3) of the providers. The Defendants are awaiting receipt of records from the remaining providers and/or some of the records provided were incomplete and requests were resubmitted. Upon receipt of complete records, they require review and reconciliation with the workers compensation fee schedule by the Defendants. As records are received and the Defendants' disclosures supplemented with them, the parties' experts can review them to allow for any necessary supplements to their initial reports.

**B. Plaintiff Discovery Responses and Rebuttal Expert Report**

The Plaintiff's discovery responses due on November 13, 2026 are outstanding. Receipt of these responses prior to conducting the Plaintiff's deposition will allow for examination regarding those responses and productions. The Plaintiff's rebuttal expert report was provided on November 2, 2026, and an extension would permit the potential deposition of the Plaintiff's medical expert who is also a medical provider of the Plaintiff.

**C. Settlement Discussions**

The parties have reciprocated with discovery extension deadlines in part to facilitate settlement discussions and to explore resolution that would make expert reports and depositions unnecessary.

**D. Volume of Discovery and Ongoing Review**

The volume of documents produced in this litigation has also contributed to the need for additional discovery time. The Defendants have produced materials identified as ASIC000001 – ASIC002061 consisting of claim files, audio, and medical and billing records. The Plaintiff has produced materials identified as BELKADHI 00001 – BELKADHI 00460 consisting of correspondences and medical records. As discussed above, meaningful review of these records is still being conducted, and outstanding records are required to complete that review and evaluation.

**IV. GOOD CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION**

Given that this request is made within (21) days of unexpired deadlines in a scheduling order, it must be supported by good cause. Fed. R. Civ. Proc. 16(b)(4); LR 26-3. The following showings

of good cause are offered in support of the extension request:

A. **The Parties' diligence**:

The Parties have actively engaged in discovery and exchanged in excess of 2500 pages of discovery. The Plaintiff served comprehensive written discovery, which includes a Request for Production with (100) requests, which the Defendants answered. The Defendants provided initial expert disclosures and the Plaintiff provided his rebuttal expert disclosures. The Defendants served written discovery which is outstanding.

**B. Diligence in Medical Record Requests to Non-Parties**

The Defendants attempted diligently through their employees to obtain necessary medical and billing records they allege is necessary to evaluate and reconcile the Plaintiff's insurance claim. When the non-party medical providers did not respond, or adequately respond, the Defendants engaged a medical records retrieval vendor on October 7, 2026. The initial estimates were that records would be received by the end of October, but to date, many records are outstanding or incomplete. A November 4, 2026 update from the medical records vendor updated the Defendants on the outstanding requests, and that anticipated responses would be received at or likely after the current discovery deadline.

**C. Ongoing Receipt of Medical Records and Rebuttal Expert Witness Disclosure**

As medical and billing records are received by the Defendants from the Plaintiff's providers, the Defendants have been reviewing those and conducting reconciliations of the procedure charges. However, those take time, and given the current gaps in the records received, or due to those responses being outstanding as to the providers' the Defendants' review and analysis will not be completed prior to the current deadline. Additionally, the Defendants are evaluating whether to depose the Plaintiff's rebuttal expert which was disclosed through an agreed extension grant, on November 2, 2026. The Defendants' designated medical experts require time to evaluate the report, additional medical records, and outstanding medical records, before the Defendants can competently depose the Plaintiff's expert.

**D. Settlement Discussions**

The parties have been exploring resolution of the matter and devoted time to those efforts

rather than costly depositions and expert work. Although, the parties acknowledge that this alone is insufficient to establish good cause, it is being offered in conjunction with the above circumstances. See Williams v. James River Group Inc., 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022) (citations omitted).

## V. DISCOVERY SCHEDULE

The parties request that the pertinent discovery deadlines set forth in the Court's Scheduling Order be set as follows:

A. DISCOVERY CUT-OFF DATE: Pursuant to LR 26-1(b)(1), and with the Court's approval, discovery shall be completed on or before **Friday, January 15, 2027.**

B. DISPOSITIVE MOTIONS: Unless otherwise stated herein, and the Court so orders, the date for filing dispositive motions shall be thirty (30) days after the discovery cut-off date, but not later than **Monday, February 14, 2027.**

C. MOTIONS IN LIMINE: Motion in Limine should be submitted third (30) days prior to trial, unless otherwise ordered by the Court.

D. EXTENSION OF SCHEDULED DEADLINES: All Motions or stipulations to extend discovery shall be received by the Court within twenty-one (21) days before the discovery cut-off date on or before **Friday, December 25, 2026.**

IT IS SO AGREED.

DATED this 5th day of November, 2026.

JESSE SBAIH & ASSOCIATES, LTD.

*/s/ Jesse M. Sbiah*
JESSE M. SBIAH
Nevada Bar No. 7898
The District at Green Valley Ranch
170 South Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
*Attorney for Plaintiff*

DATED this 5th day of November, 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Andrew C. Switlyk*
ANDREW C. SWITLYK
Nevada Bar No. 16758
5555 Kietzke Lane, Suite 200
Reno, Nevada 89511
*Attorneys for Defendants Intact Insurance Group USA LLC and Atlantic Specialty Insurance Company*

**ORDER**

IT IS SO ORDERED.

______________________________
UNITED STATES MAGISTRATE JUDGE

DATED: November 5, 2026.